UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>              )<br>        Plaintiff,    )<br>              )<br>   v.           )<br>              )<br>              )<br>ROBERTO MARQUEZ GOMEZ,  )<br>              )<br>        Defendant.    )<br>_____) | CASE NO.   CR06-197 RSL<br><br>DETENTION ORDER |

Offense charged:

    Count I:    Conspiracy to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846.

Date of Detention Hearing: June 19, 2006.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Lisca Borichewski. The defendant was represented by Chris Black.

    The Government filed a Motion for Detention, noting that the rebuttable

DETENTION ORDER
PAGE -1-

presumption applies in this matter in addition to a questionable immigration status. Of particular concern to the Government is the defendant's lengthy criminal history, including an escape conviction. The Government asserts that the defendant's attempt to elude officers suggests that the defendant cannot be trusted to appear in court.

The defense argued for release of the defendant, maintaining that he is a United States citizen from Puerto Rico who has resided in the United States for twelve years. Further, the defendant reportedly has family ties to this district and has recently been employed. The defense concedes that the defendant does indeed have a criminal history, however emphasizes that the crimes are non-violent in nature with the escape matter resulting in charges but no conviction.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:

    (a) The defendant presents a risk of nonappearance due to the following: His background and ties to the Western District of Washington are questionable given his use of six alias names and two dates of birth. Moreover, he has a history of failure to comply, including a 1996 Conviction for Escape and a history of substance abuse.

    (b) From a reading of the Pre-trial services report there are possible untreated mental health issues which present concerns for safety

          of the community. Thus, the defendant presents a risk of danger based on his criminal history and the nature of the instant offense.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 22nd day of June, 2006.

                                    Monica J. Benton
                                    U.S. Magistrate Judge